**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| STATE EX REL. | : | Case No. 1:26-cv-00440 |
| JUSTICE ST. JOHN, | : | |
| | : | District Judge Jeffery P. Hopkins |
| Relator, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| vs. | : | |
| | : | |
| A.A. WARDEN NORMAN EVANS, *et* | : | |
| *al*., | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

Relator Justice St. John recently submitted a Petition for a Writ of Mandamus to this *federal* district court. Relator, a state prisoner, seeks a writ of mandamus under Ohio Revised Code § 2731.01 compelling Defendants to provide him with institutional camera footage and requested public records. (Doc. No. 1 at PageID 5.) Relator alleges that Respondents failed to comply with Ohio's Public Records Act, Ohio Revised Code § 149.43(B)(1). (*Id*. at PageID 3.) The resulting case has been assigned to District Judge Jeffery P. Hopkins. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's Amended General Order 22-05.

The case is currently before the Court for an initial consideration of jurisdiction. "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citing *Thornton v.*

*Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990)). For the reasons discussed below, the undersigned **RECOMMENDS** that the Court **DISMISS** this case for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law." *Bandy v. Chambers-Smith*, No. 1:23-cv-1886, 2023 WL 6809936, at *2 (N.D. Ohio Oct. 16, 2023) (citing *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008)). "Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id.*

"There are two basic types of subject-matter jurisdiction: federal-question jurisdiction and diversity of citizenship jurisdiction." *Maney v. Kreulen*, No. 3:24-cv-01132, 2024 WL 4871731, at *2 (M.D. Tenn. Nov. 22, 2024) (citing 28 U.S.C. §§ 1331 & 1332). With respect to federal-question jurisdiction, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, Relator's mandamus claim arises under state law rather than the laws of the United States (also called federal law). Specifically, the Petition cites and relies on Ohio Revised Code ("Ohio RC") §§ 2731.01 and 149.43(B)(1). (Doc. No. 1 at PageID 3, 5, 6, 8, 10, 11, 12, 13, 14.)[1]

---

[1] Relator also cites Ohio RC § 149.351, titled "Disposal and transfer of records in accordance with law; action for injunctive relief for forfeiture," which provides in part:

> Any person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) of this section, or by threat of such removal, destruction, mutilation, transfer, or other damage to or disposition of such a record, may commence either or both of the following in the court

2

Chapter 2731 of the Ohio RC concerns the special remedy of mandamus, which Section 2731.01 defines as:

> a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

Ohio RC § 2731.01. A writ of mandamus under this chapter may be issued by certain *state* courts: "The writ of mandamus may be allowed by the supreme court, the court of appeals, or the court of common pleas and shall be issued by the clerk of the court in which the application is made." Ohio RC § 2731.02.

Relator also relies on Ohio RC § 149.43, Ohio's Public Records Act. This lengthy statute provides in part:

> Upon request by any person and subject to division (B)(8) of this section, all public records responsive to the [public records] request shall be promptly prepared and made available for inspection to the requester at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time.

Ohio RC § 149.43(B)(1). If records are not satisfactorily produced, the person may institute legal action in one of the identified *state* courts:

> (C)(1) If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved

---

of common pleas of the county in which division (A) of this section allegedly was violated or is threatened to be violated …

Ohio Rev. Code § 149.351(B). This section appears to be cited only once. (Doc. No. 1 at PageID 6.)

3

may serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure. Upon receipt of the complaint of the person allegedly aggrieved, the public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint. The person allegedly aggrieved shall not file a complaint with a court or commence a mandamus action under this section within the three-day period. Upon the expiration of the three-day period, the person allegedly aggrieved may, subject to the requirements of division (C)(2) of this section, do only one of the following, and not both:

> (a) File a complaint with the clerk of the <u>court of claims</u> or the clerk of the <u>court of common pleas</u> under section 2743.75 of the Revised Code;

> (b) Commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(3) of this section. The mandamus action may be commenced in the <u>court of common pleas</u> of the county in which division (B) of this section allegedly was not complied with, in the <u>supreme court</u> pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the <u>court of appeals for the appellate district</u> in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

Ohio RC § 149.43(C)(1)(a)-(b) (emphasis added).[2]

Relator's mandamus claim arises under and is based on these state laws, rather than federal law. His handwritten, *pro se* Petition does not, as far as the undersigned can tell, mention or cite federal law. (Doc. No. 1.) The undersigned therefore concludes that

---

[2] Relator provides the three-day notices discussed in this statute with his initial filing. (*See* Doc. No. 1 at PageID 1-2.)

4

this Court does not have federal-question jurisdiction over the case under 28 U.S.C. § 1331.

Federal district courts also have jurisdiction where the parties have diverse citizenship and there is a sufficient amount in controversy. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" The Petition in this case does not state the citizenship of any party, and the amount in controversy is "2,000 Dollars in Monetary and Punative Damages." (Doc. No. 1 at PageID 8 [as in original].) Thus, the undersigned concludes that this Court does not have diversity jurisdiction over this case. *See Bandy v. Chambers-Smith*, No. 1:23-cv-1886, 2023 WL 6809936, at *3 (N.D. Ohio Oct. 16, 2023) ("As written, the Complaint suggests that all parties are citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.")

This Court has reached the same conclusion and summarily rejected a similar claim under Ohio's Public Records Act:

> Petitioner could not bring an action under the Public Records Act to compel Mr. Heck to disclose these records. Mr. Heck and Petitioner are both citizens of Ohio, precluding jurisdiction under 28 U.S.C. § 1332. Any claim Petitioner has against Mr. Heck for these records under Ohio Revised Code § 149.43 arises under Ohio and not federal law, precluding jurisdiction under 28 U.S.C. § 1331.

*Gibson v. Warden, London Corr. Inst.*, No. 3:22-cv-173, 2023 WL 5121372, at *2 (S.D. Ohio Aug. 10, 2023). *See also Glaze v. Horton*, No. 4:24-cv-1815, 2025 WL 359299, at *1 (N.D. Ohio Jan. 31, 2025) ("*Pro se* Plaintiff … filed this action seeking a Writ of

5

Mandamus under Ohio Revised Code § 149.43 against the Ohio Department of Rehabilitation and Correction ("ODRC") and Warden Assistant … Plaintiff has not established a basis for federal court subject matter jurisdiction. Diversity of citizenship does not exist in this case. All of the parties appear to be citizens of Ohio. If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Plaintiff seeks mandamus relief under Ohio Revised Code § 149.43, which governs the production of public records. … The Court does not have jurisdiction to order an Ohio state agency to comply with an Ohio statute. Plaintiff must seek such relief in the state courts as provided by the statute. He has not established a basis for federal subject matter jurisdiction.").

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Dismissal is required here. The undersigned Magistrate Judge accordingly **RECOMMENDS** that the Court **DISMISS** this case for lack of subject matter jurisdiction. The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of an order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** Relator leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Relator may object to this recommendation as discussed in the section below. He is **ADVISED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO RECOMMENDED.**

/s/ Caroline H. Gentry
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

### <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within (14) fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy.

A Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).